Guillermo C. Artiles
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 639-8486
Facsimile: (973) 297-3764

Constantine John Gekas
**GEKAS LAW LTD.**
33 N. LaSalle St., STE 2220
Chicago, IL 60602
Telephone: (312) 726-4501
Facsimile: (312) 726-4505
cjg@gekaslaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Arthur Dembro*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WORLDWIDEMARKETS, LTD.; TAB NETWORKS, INC.; THOMAS PLAUT; and ARTHUR DEMBRO, <br><br> Defendants. | Case No. 2:21-cv-20715-KM-LDW <br><br> **REPLY IN SUPPORT OF DEFENDANT ARTHUR DEMBRO'S MOTION TO STRIKE AND DISMISS COMPLAINT** |

# Table of Contents

1. Mr. Dembro withdraws his Motion to Strike for lack of signature............1
2. The CFTC seeks to amend its Complaint with new factual assertions.......1
3. The business of WWM and TAB was "predominantly foreign."..............2
4. The Court should dismiss claims under Count II based on events before the effective date of Section 6(c) and Regulation 180.1. ..........................4
5. The CFTC's "tolling by fraudulent concealment" claim fails for lack of required allegations, for lack of due diligence, and as contrary to the Supreme Court's *Gabelli v. S.E.C.* ........................................................4
6. The CFTC concedes by its silence that recklessness does not establish the required aiding and abetting intent.......................................................11
7. There are no allegations about the CFTC's inconsistent "duty" and "substantial assistance" arguments.......................................................12
8. The CFTC forfeits argument about the 2015 Certified Audit..................14
CONCLUSION ...............................................................................................14

i

# TABLE OF AUTHORITIES

**Cases**

*C.F.T.C. v. Reisinger*, Comm. Fut. L. Rep.¶ 32,685, 2013 WL 3791691 (N.D. Ill. 2013) ................................................................................................................10

*Cunningham v. M & T Bank Corp.*, 814 F.3d 156 (3d Cir. 2016), ..........................5

*Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505 (D.N.J. 2008) ...............................8

*Gabelli v. S.E.C.*, 568 U.S. 442 (2013) ................................................................9, 10

*Gunn v. First Am. Fin. Corp.*, 2014 WL 2445750 (D. Del. May 30, 2014 ..............8

*Hedges v. U.S.*, 404 F.3d 744 (3d Cir. 2005) ...........................................................5

*Hilburn v. State Dep't of Corr.*, 2012 WL 3133890 (D.N.J. 2012) .......................14

*In re Liquid Aluminum Sulfate Antitrust Litig.*, 2019 WL 1125589 (D.N.J. 2019)..8

*In re Magnesium Oxide Antitrust Litig.,* 2011 WL 5008090 (D.N.J. 2011) .............5

*In re MF Global Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157 (S.D.N.Y. 2014).12

*In re Processed Egg Prod. Antitrust Litig.*, 2011 WL 5980001 (E.D. Pa. 2011)......6

*In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654 (E.D. Pa. 2013)..5

*Klehr v. A. O. Smith Corp.,* 521 U.S. 179 (1997) .....................................................6

*Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017) .................................................................9

*Lutz Surgical Partners PLLC v. Aetna, Inc.*, 2021 WL 2549343 (D.N.J. 2021).....14

*Mathews v. Kidder, Peabody Co., Inc.*, 260 F.3d 239 (3d Cir. 2001) .....................10

*Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010) ...............................3, 4

*Myun-Uk Choi v. Tower Research Capital LLC*, 2 F. 4th 10 (2d Cir. 2021), .......3, 4

*Nelson v. Maverick Funding Corp.*, 2011 WL 1045117 (D.N.J. 2011) ...................8

*Nicholas v. Saul Stone & Co.*, 224 F.3d 179 (3d Cir. 2000) ..................................11

*Pennsylvania ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988) .............1

*Pension Trust Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.,* 2011 WL 4550191 (D.N.J. 2011) ...........................................5

*Powell v. Verizon*, 2019 WL 4597575 (D.N.J. 2019) ............................................11

*Rosemond v. U.S.*, 572 U.S. 65 (2014) ...................................................................14

*S.E.C. v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012), .....................................................13

*S.E.C. v. Cohen*, 332 F. Supp. 3d 575 (E.D.N.Y. 2018) .............................................. 7

*S.E.C. v. Fraser*, 2009 WL 2450508 (D. Ariz. 2009) ................................................. 6

*S.E.C. v. Quiros*, 2016 WL 11578637 (S.D. Fla. 2016) ........................................... 10

*S.E.C. v. Wyly*, 950 F. Supp. 2d 547 (S.D.N.Y. 2013) ............................................ 11

*Summerhill v. Terminix, Inc.,* 637 F.3d 877 (8th Cir. 2011) ..................................... 5

*U.S v. Laurienti*, 611 F.3d 530 (9th Cir. 2010) ........................................................ 13

*U.S. v. Szur*, 289 F.3d 200 (2d Cir. 2002) ................................................................ 13

**Statutes**

28 U.S.C. 2462 ............................................................................................................ 9

1. **Mr. Dembro withdraws his Motion to Strike for lack of signature.**

Given the provisions of FRCP 5(d)(3) (even though three names appear in the signature block of the Complaint) and given Plaintiff's formal concession that the filing of the Complaint was authorized by CFTC Counsel Platt, Defendant Dembro withdraws his Motion to Strike for lack of signature.

2. **The CFTC seeks to amend its Complaint with new factual assertions.**

The CFTC Opposition seeks to amend its Complaint to supply missing allegations. But a complaint may not be amended by new facts stated in an opposition to a motion to dismiss. *Pennsylvania ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988).

In addition to those discussed below, here are some of the improper amendments:

> Mr. Dembro alerted co-Defendant Plaut "every time WWM transferred customer assets to TAB." (*Compare* ECF No. 30 ("Opp."), p. 32 *with* ECF No. 1 ("Complaint"), ¶¶ 90-91).
>
> Mr. Dembro "used WWM customer funds to pay WWMOT" in the WWMOT 'wind down.'" (*Compare* Opp., p. 33 *with* Complaint, ¶¶ 47-75).
>
> He "ensured that the 2015 audit report did not disclose that the $3.9 million owed by TAB to WWM was composed of stolen customer money." (*Compare* Opp., p. 33 *with* Complaint, ¶¶ 60-61).
>
> The funds allegedly misappropriated were used to pay his salary. (Opp., p. 28), and that he "benefitted from the continued operation of the company" (Opp., p. 36).

He was "actually aware that WWM was stealing its customers' money for substantially the entire Relevant Period." (*Compare* Opp., p. 7 *with* Complaint, ¶¶ 88-91).

The alleged transfers from WWM to TAB were "gratuitous." (*Compare* Opp., p. 7 *with* Complaint ¶ 61).

Mr. Dembro "made sure that all WWMOT customers could withdraw their funds, by using WWM's customer funds for that purpose." (*Compare* Opp. pp. 7-8 *with* Complaint ¶¶ 74-75).

Mr. Dembro "wrote the text" for the three documents listed in the Opposition as containing allegedly false statements. (*Compare* Opp., p. 9 *with* Complaint ¶¶ 82-84).

These amendments to the Complaint are improper.

### 3. The business of WWM and TAB was "predominantly foreign."

Mr. Dembro does not dispute the CFTC's authority to regulate domestic forex transactions that the CFTC harangues about. (Opp., pp. 9-12). The question here is whether Defendants' business is domestic under the second alternative of *Morrison*, not sufficiently alleged in the Complaint, that irrevocable liability must have been incurred, or title must have been transferred, within the U.S. The CFTC's Opposition tries to plug that hole by offering this amendment:

> In the "classic contractual sense," the meeting of the minds between WWM and its customers therefore occurred in New Jersey as to all trades. (Opp., p. 18).

To get there, the CFTC misreads *U.S. v. Georgiou,* 777 F.3d 125, 133–34 (3d Cir. 2015), that actually held that: territoriality turns on "where, physically, the purchaser or seller committed him or herself to pay for or deliver a security."

2

(internal quotation marks & citation omitted).

The Complaint contains no such allegations, nor any from which that key conclusion can plausibly be inferred. The closest is Paragraph 45 which, however, does not state where those commitments were irrevocably made whether in New Jersey or the customer's location. Thus, this case is identical, or virtually so, to the domestic matching of foreign trades in *Myun-Uk Choi v. Tower Research Capital LLC*, 2 F.4th 10, 14 (2d Cir. 2021), to which the Commodity Exchange Act was held not to apply.

The "predominantly foreign" test developed by the Second Circuit remains the most persuasive rationale to enable *Morrison's* "non-extraterritoriality" test. Without it, by permitting a suit to go forward any time a domestic transaction is pleaded, "the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is involved in the case." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 266 (2010) (emphasis in original).[1]

Mr. Dembro's Motion fulsomely explains the applicable principles of law on

---

[1] In a footnote, the CFTC notes that the First and Ninth Circuit have rejected the "predominantly foreign" test of the Second Circuit. (Opp., p. 17 n.10). The CFTC offers no rationale why that test does not faithfully advance the rule of *Morrison*, so Mr. Dembro reiterates his explanation at pages 14-15 of his Motion to Strike and Dismiss.

3

this point.² (Mot. to Strike & Dismiss, pp. 11.17).

    **4.**    **The Court should dismiss claims under Count II based on events before the effective date of Section 6(c) and Regulation 180.1.**

The CFTC concedes that it cannot and will not "assert Count II…over conduct that occurred before (Section 6(c) and Regulation 180.1 were) implemented in (August) 2011." (Opp. p. 22 n. 12). But that is not what Count II says. From its title to its specific allegations, it reaches to the entire "Relevant Period," and therefore covers that "pre-effective date" conduct. (Complaint, Count II, Title & ¶¶ 101-05). Thus, that part of Count II must be dismissed.

    **5.**    **The CFTC's "tolling by fraudulent concealment" claim fails for lack of required allegations, for lack of due diligence, and as contrary to the Supreme Court's *Gabelli v. S.E.C.***

Plaintiff wrongly opposes dismissal on limitations grounds for two reasons: (1) limitations is traditionally an affirmative defense, and (2) the limitations period was tolled by the "fraudulent concealment" doctrine.

---

² In its footnote 9, the CFTC incorrectly disputes the well-recognized doctrine that extraterritoriality is properly consider at the dismissal stage. In fact, that is precisely what happened in *Morrison* – "This case involves no securities listed on a domestic exchange, and all aspects of the purchases complained of by those petitioners who still have live claims occurred outside the United States. Petitioners have therefore failed to state a claim on which relief can be granted. We affirm the dismissal of petitioners' complaint on this ground." 561 U.S. at 273.

The CFTC's attempt to distinguish the *Myun-Uk* decisions is wrong on substantive grounds. It unequivocally held that the Korean-based transactions at issue were not domestic even though they were matched in the United States on the "CME Globex" trade matching engine, and even though the defendants operated from within the U.S. *Myun-Uk II*, 2 F.4th at 19.

"[T]olling for fraudulent concealment is an 'extraordinary remedy which should be extended only sparingly.'" *Robinson v. Jackson Hewitt, Inc.*, 2019 WL 5617512, at *5 (D.N.J. Oct. 31, 2019) (quoting *Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 161 (3d Cir. 2016), *as amended* (in turn citing *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005))). This is not such a case, not the least because the CFTC engaged in an extensive multi-year investigation before filing this action. There is therefore no excuse for its delay in asserting these claims.

First, even though limitations is an affirmative defense unless apparent on the face of a complaint, the CFTC was required to allege, but did not, when it discovered the fraud, that is, the "tolling date," the circumstances of its discovery of the fraud, and its due diligence. *In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654, 661 (E.D. Pa. 2013). As *Processed Egg Prods* holds: "[b]oth the Third and Eighth Circuit Courts of Appeals have established that plaintiffs must *plead* fraudulent concealment with particularity." *Id.* (emphasis added). Thus, a plaintiff must allege "when and how" it discovered the alleged fraud. *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir. 2011). That is, "the circumstances of the discovery" must be pleaded. *Pension Trust Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.,* 2011 WL 4550191, at *5 (D.N.J. Sept. 29, 2011); *see also In re Magnesium Oxide Antitrust Litig.,* 2011 WL 5008090, at *20 (D.N.J. 2011). This principle arises from the rule that "a plaintiff who is not reasonably

5

diligent may not assert 'fraudulent concealment.'" *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 194 (1997). "[A] plaintiff who fails to allege any due diligence is virtually foreclosed from invoking the fraudulent concealment doctrine." *In re Processed Egg Prod. Antitrust Litig.*, 2011 WL 5980001, at *13 (E.D. Pa. Nov. 30, 2011). *See also S.E.C. v. Fraser*, 2009 WL 2450508, at *16 (D. Ariz. Aug. 11, 2009) (SEC's failure to properly plead elements of doctrine of fraudulent concealment permits partial dismissal).

Second, the CFTC was on notice of Defendants' business for at least three years before this case was filed. It served four investigative subpoenas on Mr. Dembro, the first two dated on 12/12/18 and 12/19/18 (Ex. 1: A. Dembro Decl. & Atts.) And in May 2019, the CFTC attorney "adjourn[ed] Mr. Dembro's testimony until another date." (Ex. 2: G. Smith Decl. & Att.) Mr. Dembro heard nothing from the CFTC for a year and a half, not until the November 16, 2020 document subpoena. (*Id.*, ¶ 4.) His investigative testimony was then required by the July 7, 2021 subpoena, which, as the attached transcript excerpts show, he gave on August 11, 2021, soon after he had completed four sessions of chemotherapy for cancer. (Ex. 1: A. Dembro Decl., ¶ 5.) After that testimony, it took the CFTC four months to sue.

The CFTC's lack of diligence, indeed, its inexcusable delay, is also demonstrated by Group Exhibit 3, its subpoenas to co-Defendants Plaut, WWM, and

6

TAB, all first subpoenaed for documents in mid-December 2018 as well. (Group Ex. 3.)

Thus, the CFTC had notice of these supposed claims more than three years before this case was filed.

Third, the CFTC's desire to "seek additional discovery" to identify evidence of fraudulent concealment is ridiculous. (Opp., pp. 4, 20, 22 & n.12). Three years of investigation should have been sufficient for that purpose. That request makes no sense. *See S.E.C. v. Cohen*, 332 F. Supp. 3d 575, 588-89 (E.D.N.Y. 2018) ("[I]t would make no sense if the SEC could evade the statute of limitations by alleging untimely misconduct and then demanding discovery in hopes of uncovering misconduct within the limitations period. …The court will not authorize such a fishing expedition.…")

Fourth, Mr. Dembro has already demonstrated the fatal defect of the lack of specificity about the "when" of the acts he allegedly committed. This is especially pertinent here: the Complaint does not allege any acts of fraudulent concealment by Mr. Dembro himself.

The *Iqbal/Twombly* specificity requirements apply with special force to any claim of tolling by fraudulent concealment. Bare invocations of the legal standard for fraudulent concealment do not suffice. Fraudulent concealment must be pled with particularity in the Complaint. *Gunn v. First Am. Fin. Corp.*, 2014 WL 2445750, at

7

*5 (D. Del. May 30, 2014); *Nelson v. Maverick Funding Corp.*, 2011 WL 1045117, at *3 (D.N.J. Mar. 23, 2011). The CFTC's failure to so plead is therefore a fatal defect to its assertion of tolling by fraudulent concealment.

The general allegations of the Complaint that co-Defendants WWM and/or Plaut committed alleged frauds or acts of concealment do not impact Mr. Dembro because acts of supposed fraudulent concealment by others are not relevant to his limitations defense. For fraudulent concealment to toll the statute of limitations, a plaintiff must plead "wrongful concealment *by the party raising the statute of limitations defense*…." *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2019 WL 1125589, at *6 (D.N.J. Mar. 11, 2019) (citing *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 523 (D.N.J. 2008) (emphasis added).

The allegations regarding Mr. Dembro's undated response to the undated inquiry from sales personnel alleged in Paragraphs 82-83 of the Complaint do not supply this omission. What he told the sales personnel was true and cannot constitute any fraud; and there is also no allegation that any customer or anyone else received any promotional material containing the alleged statements.

The allegations against him arising from the 2015 audit – that he "drafted key portions of the report," otherwise unidentified – do not constitute any type of fraud or concealment. The audit was addressed to "WorldWideMarkets, Ltd., Tortola, BVI" and there is no allegation that it was shown or distributed to anyone else. *Ipso*

8

*facto* that cannot constitute any concealment, no matter what the extent of Mr. Dembro's involvement. In any event, as the CFTC's Opposition acknowledges (Opp., pp. 7, 22, 25 33), the Audit for 2015 specifically accounts for customer funds as "Payables to Customers (Note 3)," negating any inference that those funds were "stolen" and that Mr. Dembro knew as much. 9*See* Mot to Strike & Dismiss, pp. 31-36.)

Fifth and finally, the essence of the CFTC's argument is that because of Defendants' fraudulent concealment, the CFTC did not discover the alleged fraud. The problem with that argument is *Gabelli v. S.E.C.*, 568 U.S. 442, 453 (2013), which held there is no discovery rule applicable to Section 2462.[3] Thus, on its face, the CFTC's argument impermissibly contradicts that rule. Rather than grapple with this problem, the CFTC ignores it.

But there is a lack of certainty on this point arising from *Gabelli's* footnote 2 that reserves the question of whether the fraudulent concealment doctrine applies to Section 2462. *Gabelli*, 568 U.S. at 447. In the face of *Gabelli's* "no discovery" rule, this reservation injects a logical contradiction into Section 2462 limitations doctrine: if a discovery rule does not apply, how can fraudulent concealment tolling which simply assertedly delays the discovery of the alleged wrongdoing? The CFTC's brief

---

[3] *See also Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1645 (2017) (SEC claim for disgorgement must be commenced within five years of the date the claim accrued.)

is of no help on this point because, for one thing, except for a non-specific parenthetical (Opp., p. 21), it doesn't cite, let alone discuss, *Gabelli*. (Opp., p. 21).

Careful analysis persuades that *Gabelli's* "no discovery" rule must control because otherwise a fraudulent concealment tolling rule makes no sense. This is best demonstrated by *C.F.T.C. v. Reisinger*, Comm. Fut. L. Rep. ¶ 32,685, 2013 WL 3791691, at *7 (N.D. Ill. July 18, 2013), a CFTC enforcement action closely analogous to this case. *Reisinger* noted that *Gabelli* "'left open the possibility that the doctrine of fraudulent concealment would allow tolling of the limitations period.'" But the District Court then rejected the application of the doctrine because the CFTC's argument "rest[ed] entirely on the fact that it was not on notice of potential wrongdoing" and was "effectively arguing that the discovery rule should apply to toll the limitations period [without] identif[ying] acts taken by Defendant beyond the challenged conduct that served to conceal potential violations."[4] *Id.*

Furthermore, the CFTC's brief reliance on the Third Circuit's statement of the elements of fraudulent concealment in *Mathews v. Kidder, Peabody Co., Inc.*, 260 F.3d 239, 256 (3d Cir. 2001), a 2001 federal RICO decision announced twelve years before *Gabelli*, is not helpful. (Opp., pp. 20-21). *Matthews* states a discovery rule that was explicitly rejected by, and cannot be reconciled with, *Gabelli*. That was

---

[4] See *S.E.C. v. Quiros*, 2016 WL 11578637, at *18 (S.D. Fla. Nov. 21, 2016), for the opposite result, but relying on pre-Gabelli authority.

10

precisely the holding of *S.E.C. v. Wyly*, 950 F. Supp. 2d 547, 555 (S.D.N.Y. 2013), that described a nearly identical Second Circuit fraudulent concealment formulation as "confusing and [which] may run afoul of *Gabelli* insofar as it encompasses the discovery rule."

After three long years under the CFTC's investigative Sword of Damocles, Mr. Dembro, a recent cancer survivor (Ex. 1: A. Dembro Decl. ¶ 5), should not be put to the burdens and enormous expense of having to defend against claims that are obviously time barred.

**6.   The CFTC concedes by its silence that recklessness does not establish the required aiding and abetting intent.**

First, the CFTC says nothing about recklessness, especially about the authority cited by Mr. Dembro including *In re Earl K. Riley Co.*, [1982-1984 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 21,854, at 27,583-84 (CFTC Nov. 24, 1981) and *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 189-90 (3d Cir. 2000). (ECF No. 24 ("Mot. to Strike & Dismiss"), pp. 28-30).

That silence is a binding concession that recklessness is not sufficient for aiding and abetting intent. *Powell v. Verizon*, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) (Judge McNulty) ("A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6)."); *Pers. v. Teamsters Loc. Union 863*, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in

11

waiver."). But however the Court approaches this issue, the rule is clear: recklessness is not sufficient for aiding and abetting intent. (Mot. to Strike & Dismiss, pp. 28-30).

### 7. There are no allegations about the CFTC's inconsistent "duty" and "substantial assistance" arguments.

First, in the text of its Opposition, the CFTC argues that in the absence of an "independent duty to act," Mr. Dembro rendered substantial assistance by "failing to act," that is, by "his continued refusal to correct the misrepresentation[s]." (Opp., pp. 34-35). That makeshift afterthought argument is entirely wrong.

Mr. Dembro was the CFO, the internal bookkeeper, and was not involved in any sales activity, is not alleged to have dealt with any customers, and is not alleged to have made, or even been involved in, any of the supposedly illegal transfers. Of course, he was the main point of contact with the auditors since that's what CFOs do. But the CFTC's allegations and factual recitations in its Opposition do not add up to the "substantial assistance" required for aiding and abetting liability.

*In re MF Global Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157, 183 (S.D.N.Y. 2014), is on all fours with this case. It held that the General Counsel and CFO of a commodity brokerage firm that allegedly misappropriated segregated customer funds for corporate operating purposes did not render substantial assistance to the firm's violation of its fiduciary duty to commodity trading customers:

> [T]he Court cannot reasonably infer that those two defendants provided substantial assistance to [the company's] breach of fiduciary duty. To the contrary, [the CFO] warned against improper use of Regulatory Excess, and [the General Counsel], through her role as head of the internal audit department, repeatedly warned the other officers about weaknesses in MF Global's internal controls.

*Id.*

That is precisely the circumstance here: the Complaint alleges that Mr. Dembro brought to Co-Defendant Plaut's attention that WWM did not attempt to limit the amounts of money it transferred to TAB as restricted cash and alerted Plaut that restricted customer funds were being transferred from WMM to TAB. (Complaint, ¶¶ 78, 91).[5]

Second, in a footnote, the CFTC baldly states the opposite: the unalleged fact that Mr. Dembro "did have a duty to disclose." (Opp., p. 36, n.17). As noted in Section 2 on page 2 above regarding the CFTC's attempt to use its Opposition to amend the Complaint improperly, there is no such allegation in the Complaint. Nor does the authority cited by the CFTC support the unalleged claim that Mr. Dembro had any type of duty, including a duty of disclosure or correction.[6]

---

[5] *S.E.C. v. Apuzzo*, 689 F.3d 204, 215 (2d Cir. 2012), is completely inapposite. It is not an investment case, and, unlike Mr. Dembro, the CFO there was intimately involved in the events and documentation involved in the alleged fraud. *Id.* at 210.

[6] In both *U.S v. Laurienti*, 611 F.3d 530, 541 (9th Cir. 2010), and *U.S. v. Szur*, 289 F.3d 200, 211 (2d Cir.2002), the aiding and abetting defendants were brokers who dealt directly with customers and were not back office personnel like Mr. Dembro. As far as Mr. Dembro can tell, neither *Laurienti* nor *Szur* has been cited in this Court or by the Third Circuit.

### 8. The CFTC forfeits argument about the 2015 Certified Audit.

In a footnote, the CFTC all but ignores Mr. Dembro's argument that the certified 2015 Audit Report negates any inferences of scienter. (*Compare* Mot. to Strike & Dismiss, pp. 32-35 *with* Opp., p. 33 n.16). All the CFTC does is make a simple "not-so" statement unsupported by the citation of any authority.

That is a waiver of the argument. *Lutz Surgical Partners PLLC v. Aetna, Inc.*, 2021 WL 2549343, at *9 (D.N.J. June 21, 2021) and decisions cited therein, and decisions cited therein, including *Hilburn v. State Dep't of Corr.*, 2012 WL 3133890, at *29, (D.N.J. July 31, 2012) ("The absence of authority is fatal to [d]efendant's argument.")

In any event, the Supreme Court has unequivocally held that the aider and abettor's must have the "intent of facilitating the offense's commission" and that "intent must go to the specific and entire crime charged." *Rosemond v. U.S.*, 572 U.S. 65, 71 & 76 (2014). Mere knowledge or recklessness is not sufficient.

### CONCLUSION

Based on the foregoing, and for the reasons set forth in his moving brief, Mr. Dembro respectfully asks that the Complaint be dismissed in whole or in part, as the case may be. The CFTC's request to file an amended complaint (Opp., p. 37) should be denied as contrary to Local Rule Civ 15.1.

                                              Respectfully submitted,

Dated: March 21, 2022        By:    */s/ Guillermo C. Artiles*
                                                        Guillermo C. Artiles
                                                        Mark M. Makhail
                                                        **McCARTER & ENGLISH, LLP**
                                                        Four Gateway Center
                                                        100 Mulberry St.
                                                        Newark, NJ 07102
                                                        Telephone: (973) 639-8486
                                                        Facsimile: (973) 297-3764

                                                        Constantine John Gekas
                                                        **GEKAS LAW LTD.**
                                                        33 N. LaSalle St., STE 2220
                                                        Chicago, IL 60602
                                                        Telephone: (312) 726-4501
                                                        Facsimile: (312) 726-4505
                                                        cjg@gekaslaw.com
                                                        (admitted *pro hac vice*)

                                                        *Attorneys for Defendant Arthur Dembro*

ME1 39954207v.1