```
 1              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
 2

 3    COMMODITY FUTURES TRADING COMMISSION,
 4              Plaintiff(s),
 5        vs
 6    WORLDWIDE MARKETS, LTD.; TAB NETWORKS, INC.;
      THOMAS PLAUT; and ARTHUR DEMBRO,
 7
                Defendant(s).
 8

      _____
 9

10

11              S T A T E M E N T
12              November 14, 2023
13                   -  -  -
14    REPORTED BY: KATHLEEN SWENOR, RPR, CCR
15                   -  -  -
16
17
18
19
20
21
22
23
24
25
```

1

2          TRANSCRIPT of the stenographic notes of
3    the proceedings in the above-entitled matter, as
4    taken by and before KATHLEEN SWENOR, a Registered
5    Professional Reporter, Certified Court Reporter
6    and a Notary Public of the State of New Jersey,
7    held on November 14, 2023, commencing at 10:30 in
8    the morning.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  A P P E A R A N C E S:
2
3  COMMODITY FUTURES TRADING COMMISSION
   DIVISION OF ENFORCEMENT
4  BY:   JOSEPH PLATT, ESQ.
   JON KRAMER, ESQ.
5  JOSEPH KONIZESKI, ESQ.
   77 West Jackson Boulevard
6  Chicago, Illinois 60604
   Attorneys for Plaintiff(s)
7
8
9  GEKAS LAW, LTD
   BY:   CONSTANTINE "CHRIS" GEKAS, ESQ.
10 33 North LaSalle Street
   Chicago, Illinois 60602
11 Attorneys for Defendant(s)
12
13
14
15
16
17
18
19
20
   Also Present: Joseph Patrick, Investigator and
21 Arthur Dembro
22
23
24
25

```
                       E X H I B I T S
NO.          DESCRIPTION                            PAGE
Exhibit-185, Email dated 10-17-23..............7
Exhibit-189, Subpoena..........................7
Exhibit-190, Notice of deposition..............7
Exhibit-191, TAB Networks' subpoena............8
Exhibit-192, TAB Networks' deposition notice..9
```

```
 1                     -  -  -
 2             DEPOSITION SUPPORT INDEX
 3                     -  -  -
 4
 5   Direction to Witness Not to Answer
 6   Page       Line         Description
 7   (None)
 8
 9   Request for Production of Documents
10   Page       Line
11   (None)
12
13   Stipulations
14   Page       Line
15   (None)
16
17   Questions Marked
18   Page       Line
19   (None)
20
21
22
23
24
25
```

1      MR. PLATT:  My name is Joseph Platt.
2  I'm an attorney at the CFTC, which is the
3  plaintiff in this action.  I'm joined by my
4  colleagues Joseph Konizeski,
5  K-O-N-I-Z-E-S-K-I, and Joseph Patrick.
6      We are here to conduct the deposition
7  of defendant TAB Networks, Inc., that is
8  T-A-B Networks, Inc. pursuant to Federal Rule
9  of Civil Procedure 30(b)(6).
10     Would any other parties present please
11 introduce themselves for the record?
12     MR. GEKAS:  Chris Gekas.  I represent
13 Arthur Dembro who is here with us today.
14     MR. PLATT:  This deposition was
15 scheduled to take place by videoconference.
16 Mr. Gekas, do you agree that no witness from
17 TAB Networks has appeared in the
18 videoconference?
19     MR. GEKAS:  It appears not.  I do
20 agree, yes.
21     MR. PLATT:  I would like to introduce
22 CFTC Exhibit-185, which is in the marked
23 exhibits folder.  Exhibit-185 is an email
24 dated October 17, 2023 that I sent to a
25 person named Thomas Plaut, P-L-A-U-T,

```
1      attaching six documents, two of which are a
2      deposition subpoena directed to TAB Networks
3      and a deposition notice concerning this
4      deposition respectively.
5                ( Exhibit-185, Email dated 10-17-23,
6      marked for identification, as of this date.)
7                MR. PLATT:  I would like to introduce
8      CFTC Exhibit-189, which is a document
9      entitled subpoena to testify at a deposition
10     in a civil action.  It was sent to TAB
11     Networks.
12               ( Exhibit-189, Subpoena, marked for
13     identification, as of this date.)
14               MR. PLATT:  I would like to introduce
15     CFTC Exhibit-190, which is a notice of
16     deposition concerning TAB Networks with a
17     list of topics for examination on its third
18     page.
19               ( Exhibit-190, Notice of deposition,
20     marked for identification, as of this date.)
21               MR. PLATT:  Since no witness has
22     appeared to testify on behalf of TAB
23     Networks, I propose to go off the record and
24     wait for 15 more minutes to see if anyone
25     else may appear.
```

1           Let's go off and rejoin the proceeding
2     at 10:35 eastern time.
3           (Whereupon there was a recess in the
4     proceedings from 10:21 to 10:35 a.m.)
5           MR. PLATT:  We are back on the record
6     during the deposition of defendant TAB
7     Networks, Inc.  It is 10:35 eastern time,
8     about a half an hour after the notice start
9     time for this deposition.  I still don't see
10    any witness or attorney appearing on behalf
11    of TAB Networks, Inc.
12          Mr. Gekas, do you agree that no witness
13    or attorney has appeared on behalf of that
14    defendant?
15          MR. GEKAS:  I do.
16          MR. PLATT:  I put in a couple exhibits
17    earlier that I incorrectly described as
18    attachments to Exhibit-185.  Exhibits 189 and
19    190 are attachments to a different email.  So
20    I would like to introduce Exhibit-191 and
21    192, which are copies of the TAB Networks'
22    deposition subpoena and TAB Networks'
23    deposition notice.
24          ( Exhibit-191, TAB Networks' subpoena,
25    marked for identification, as of this date.)

```
 1              ( Exhibit-192, TAB Networks' deposition
 2        notice, marked for identification, as of this
 3        date.)
 4              MR. PLATT:  I would also like to
 5        introduce Exhibit-193, which is an email from
 6        the Veritext company to me indicating that
 7        credentials for videoconference deposition
 8        were sent to Thomas Plaut's personal email
 9        address.
10              ( Exhibit-193, Email from Veritext,
11        marked for identification, as of this date.)
12              MR. PLATT:  At this time I would like
13        to go off the record and end the deposition.
14        Mr. Gekas, do you have any remarks that you
15        would like to offer for the record?
16              MR. GEKAS:  No.
17              Kathy, can you get this to me by
18        tomorrow?
19              (Time noted: 10:41 a.m.)
20
21
22
23
24
25
```

1      C E R T I F I C A T E

2

3

4           I do certify that the foregoing is a
5      true and accurate transcript of the testimony as
6      taken stenographically by and before me at this
7      time, place and date hereinbefore set forth.
8           I do further certify that I am neither
9      a relative nor employee nor attorney nor counsel
10     of any of the parties to this action, and that I
11     am neither a relative nor employee of such
12     attorney or counsel, and that I am not financially
13     interested in the action.
14
15
16
17                         *signature*
18                    Kathleen Swenor, RPR, CCR
19
20
21
22
23
24
25

| **1** | **8** | **boulevard**  3:5 | **dembro**  1:6 3:21 6:13 |
|---|---|---|---|
| **10-17-23**  4:4 7:5 | **8**  4:7 | **c** | **deposition**  4:6 4:8 5:2 6:6,14 7:2,3,4,9,16,19 8:6,9,22,23 9:1 9:7,13 |
| **10:21**  8:4 | **9** | **c**  3:1 10:1,1 | |
| **10:30**  2:7 | **9**  4:8 | **ccr**  1:14 10:18 | |
| **10:35**  8:2,4,7 | **935**  10:17 | **certified**  2:5 | |
| **10:41**  9:19 | **a** | **certify**  10:4,8 | |
| **14**  1:12 2:7 | **a.m.**  8:4 9:19 | **cftc**  6:2,22 7:8 7:15 | **described**  8:17 |
| **15**  7:24 | **above**  2:3 | **chicago**  3:6,10 | **description**  4:3 5:6 |
| **17**  6:24 | **accurate**  10:5 | **chris**  3:9 6:12 | **different**  8:19 |
| **185**  4:4 6:22,23 7:5 8:18 | **action**  6:3 7:10 10:10,13 | **civil**  6:9 7:10 | **directed**  7:2 |
| **189**  4:5 7:8,12 8:18 | **address**  9:9 | **colleagues**  6:4 | **direction**  5:5 |
| **190**  4:6 7:15,19 8:19 | **agree**  6:16,20 8:12 | **commencing**  2:7 | **district**  1:1,1 |
| **191**  4:7 8:20,24 | **answer**  5:5 | **commission**  1:3 3:3 | **division**  3:3 |
| **192**  4:8 8:21 9:1 | **appear**  7:25 | **commodity**  1:3 3:3 | **document**  7:8 |
| **193**  9:5,10 | **appeared**  6:17 7:22 8:13 | **company**  9:6 | **documents**  5:9 7:1 |
| **2** | **appearing**  8:10 | **concerning**  7:3 7:16 | **e** |
| **2023**  1:12 2:7 6:24 | **appears**  6:19 | **conduct**  6:6 | **e**  1:11,11 3:1,1 4:2 6:5 10:1,1 |
| **3** | **arthur**  1:6 3:21 6:13 | **constantine**  3:9 | **earlier**  8:17 |
| **30**  6:9 | **attaching**  7:1 | **copies**  8:21 | **eastern**  8:2,7 |
| **33**  3:10 | **attachments**  8:18,19 | **counsel**  10:9,12 | **email**  4:4 6:23 7:5 8:19 9:5,8 9:10 |
| **6** | **attorney**  6:2 8:10,13 10:9 10:12 | **couple**  8:16 | **employee**  10:9 10:11 |
| **6**  6:9 | | **court**  1:1 2:5 | **enforcement**  3:3 |
| **60602**  3:10 | | **credentials**  9:7 | **entitled**  2:3 7:9 |
| **60604**  3:6 | **attorneys**  3:6 3:11 | **d** | **esq**  3:4,4,5,9 |
| **7** | **b** | **date**  7:6,13,20 8:25 9:3,11 10:7 | **examination**  7:17 |
| **7**  4:4,5,6 | **b**  4:2 6:8,9 | **dated**  4:4 6:24 7:5 | **exhibit**  4:4,5,6 4:7,8 6:22,23 7:5,8,12,15,19 |
| **77**  3:5 | **back**  8:5 | **defendant**  1:7 3:11 6:7 8:6,14 | |
| | **behalf**  7:22 8:10,13 | | |

| | | | |
|---|---|---|---|
| 8:18,20,24 9:1 9:5,10 | index   5:2 | markets   1:6 | person   6:25 |
| exhibits   6:23 8:16,18 | indicating   9:6 | matter   2:3 | personal   9:8 |
| | interested   10:13 | minutes   7:24 | place   6:15 10:7 |
| | introduce   6:11 6:21 7:7,14 8:20 9:5 | morning   2:8 | plaintiff   1:4 3:6 6:3 |
| **f** | | **n** | platt   3:4 6:1,1 6:14,21 7:7,14 7:21 8:5,16 9:4 9:12 |
| f   10:1 | | n   1:11 3:1 6:5 | |
| federal   6:8 | investigator   3:20 | name   6:1 | |
| financially   10:12 | | named   6:25 | |
| folder   6:23 | **j** | neither   10:8,11 | |
| foregoing   10:4 | jackson   3:5 | networks   1:6 4:7,8 6:7,8,17 7:2,11,16,23 8:7,11,21,22 8:24 9:1 | plaut   1:6 6:25 |
| forth   10:7 | jersey   1:1 2:6 | | plaut's   9:8 |
| further   10:8 | joined   6:3 | | please   6:10 |
| futures   1:3 3:3 | jon   3:4 | | present   3:20 6:10 |
| **g** | joseph   3:4,5,20 6:1,4,5 | new   1:1 2:6 | procedure   6:9 |
| gekas   3:9,9 6:12,12,16,19 8:12,15 9:14 9:16 | | north   3:10 | proceeding   8:1 |
| | **k** | notary   2:6 | proceedings   2:3 8:4 |
| | k   6:5,5 | noted   9:19 | production   5:9 |
| go   7:23 8:1 9:13 | kathleen   1:14 2:4 10:18 | notes   2:2 | professional   2:5 |
| | | notice   4:6,8 7:3 7:15,19 8:8,23 9:2 | |
| **h** | kathy   9:17 | | propose   7:23 |
| h   4:2 | konizeski   3:5 6:4 | november   1:12 2:7 | public   2:6 |
| half   8:8 | kramer   3:4 | | pursuant   6:8 |
| held   2:7 | | **o** | put   8:16 |
| hereinbefore   10:7 | **l** | o   6:5 | **q** |
| | l   6:25 | october   6:24 | questions   5:17 |
| hour   8:8 | lasalle   3:10 | offer   9:15 | **r** |
| **i** | law   3:9 | **p** | r   3:1 10:1 |
| identification   7:6,13,20 8:25 9:2,11 | line   5:6,10,14 5:18 | p   3:1,1 6:25 | recess   8:3 |
| | list   7:17 | page   4:3 5:6,10 5:14,18 7:18 | record   6:11 7:23 8:5 9:13 9:15 |
| illinois   3:6,10 | **m** | parties   6:10 10:10 | registered   2:4 |
| incorrectly   8:17 | m   1:11 | patrick   3:20 6:5 | rejoin   8:1 |
| | marked   5:17 6:22 7:6,12,20 8:25 9:2,11 | | relative   10:9,11 |

| | | |
|---|---|---|
| **remarks** 9:14 <br> **reported** 1:14 <br> **reporter** 2:5,5 <br> **represent** 6:12 <br> **request** 5:9 <br> **respectively** 7:4 <br> **rpr** 1:14 10:18 <br> **rule** 6:8 | **t** | **witness** 5:5 <br> 6:16 7:21 8:10 <br> 8:12 <br> **worldwide** 1:6 |
| | **t** 1:11,11,11 4:2 <br> 6:8,25 10:1,1 <br> **tab** 1:6 4:7,8 <br> 6:7,17 7:2,10 <br> 7:16,22 8:6,11 <br> 8:21,22,24 9:1 <br> **take** 6:15 <br> **taken** 2:4 10:6 <br> **testify** 7:9,22 <br> **testimony** 10:5 <br> **third** 7:17 <br> **thomas** 1:6 <br> 6:25 9:8 <br> **time** 8:2,7,9 <br> 9:12,19 10:7 <br> **today** 6:13 <br> **tomorrow** 9:18 <br> **topics** 7:17 <br> **trading** 1:3 3:3 <br> **transcript** 2:2 <br> 10:5 <br> **true** 10:5 <br> **two** 7:1 | **x** |
| | | **x** 4:2 |
| | | **z** |
| | | **z** 6:5 |
| **s** | | |
| **s** 1:4,7,11 3:1,6 <br> 3:11 4:2 6:5 <br> **scheduled** 6:15 <br> **see** 7:24 8:9 <br> **sent** 6:24 7:10 <br> 9:8 <br> **set** 10:7 <br> **signature** 10:17 <br> **six** 7:1 <br> **start** 8:8 <br> **state** 2:6 <br> **states** 1:1 <br> **stenographic** 2:2 <br> **stenographic...** 10:6 <br> **stipulations** 5:13 <br> **street** 3:10 <br> **subpoena** 4:5,7 <br> 7:2,9,12 8:22 <br> 8:24 <br> **support** 5:2 <br> **swenor** 1:14 <br> 2:4 10:18 | | |
| | **u** | |
| | **u** 6:25 <br> **united** 1:1 | |
| | **v** | |
| | **veritext** 9:6,10 <br> **videoconfere...** 6:15,18 9:7 <br> **vs** 1:5 | |
| | **w** | |
| | **wait** 7:24 <br> **west** 3:5 | |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.