

| | | |
|---|---|---|
| | **Guillermo C. Artiles**<br>Partner<br><br>T. 973-849-4090<br>F. 973-995-4846<br><br>gartiles@mccarter.com | McCarter & English, LLP<br><br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4056<br><br>www.mccarter.com |

November 23, 2023

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Courtroom 3C
Newark, NJ  07102

        **Re: CFTC v. WorldWideMarkets, Ltd., et al.; Civil Action No. 21-20715**

Dear Judge Wettre:

This office, along with Gekas Law, Ltd., represents Defendant Arthur Dembro in the above-referenced matter.  We write jointly with Plaintiff CFTC to provide the Court with a status update in advance of the currently scheduled November 30, 2023 telephonic status conference.

**Written discovery**

    *Dembro's position*

Written discovery continues to progress amicably.  Plaintiff is due to respond to Defendant Dembro's most recent discovery demands on November 23, 2023.  No other outstanding written discovery remains, and there are no pending disputes regarding written discovery at this time.

    *CFTC's position*

The CFTC's written fact discovery is complete.

**Depositions**

    *Dembro's position*

Depositions are also in progress.  As noted in Defendant Dembro's November 20, 2023 letter, Defendant Plaut failed to attend his depositions.  Defendant Dembro has noticed the Rule 30(b)(6) deposition of Plaintiff CFTC for November 30, 2023.  There are no pending disputes regarding depositions at this time.

    *CFTC's position*

ME1 46817023v.1

The CFTC's depositions of fact witnesses are complete.

**Dembro's request for a HIPAA protective order**

*Dembro's position*

On November 6 & 20, 2023 Mr. Dembro submitted and supplemented his second request for a HIPAA Order for the medical records of Defendant Plaut. [ECF 107 & 108]. Mr. Dembro's first request was on September 15, 2023 [ECF 100], but at the September 26 Status Conference, the Court denied it without prejudice after instructing the CFTC to take appropriate steps to serve Mr. Plaut for the purpose of obtaining his deposition.

Subject to the entry of the Qualified HIPAA Protective Order, Defendant Dembro requests a brief 45-day extension of the fact discovery deadlines.  This would allow Defendant Dembro to obtain Defendant Plaut's medical records pursuant to same.  Once again, these medical records are critical to the orderly progression of this case and both parties' ability to present evidence.  This brief extension was contemplated by the parties and the Court during the September 26, 2023 status conference.

Mr. Dembro briefly notes that the CFTC's position stated below is without merit.

First, at this stage, the primary consideration about Mr. Plaut's medical condition is whether he is available as a witness. Both the CFTC and Mr. Dembro have listed him in their Rule 26 disclosures, and one side or the other or both could reasonably be expected to call him at trial. The point of the HIPAA request is to determine whether he can appear. His testimony would obviously cover much more than Mr. Dembro's "intervening cause" defense. Thus, the CFTC's focus on that defense is irrelevant.

Moreover, the CFTC's arguments are quite odd given (1) the documentation of Mr. Plaut's prior counsel and his doctor about his medical condition [ECF 72], and (2) the CFTC's repeated efforts to obtain his testimony, all unsuccessful for reasons that no one can understand.

The CFTC twice sought Court approval to serve Mr. Plaut by email [ECF 94, 102 & 105]; the second request was granted. [ECF 106]. It first scheduled Mr. Plaut's (and WWM's and TAB's) depositions for October, but they did not go forward. Then, it subpoenaed Mr. Plaut for depositions set for November 3, 14 & 16, but he did not appear.  In the midst of this confusion, Mr. Plaut exchanged emails with Mr. Dembro's counsel stating he had no objection to the HIPAA order request, and then did not respond further.  And he also exchanged emails with CFTC counsel stating his willingness to appear for his deposition, made further communication, and then did not appear for his or the entities' depositions.

The CFTC's earnest and repeated efforts to obtain Mr. Plaut's testimony are somewhat puzzling because Mr. Plaut appeared years ago and gave extensive testimony during the CFTC's pre-suit investigation.

But what is the most puzzling is that CFTC Counsel has informed us that it would not seek the intervention of the Court to obtain Mr. Plaut's appearance and his compliance with the deposition subpoenas.

The CFTC's peculiar conduct should be weighed against the interests of the parties and the Court in determining why Mr. Plaut did not appear, and whether he would be able to appear at trial. The request for a HIPAA Order, and the short extension of discovery for that purpose, should be granted.

> *CFTC's position*

The Court should not grant Dembro a second successive extension of fact discovery—on top of the generous extension the Court has already provided to him—because there has been no showing of good cause. Dembro contends the documents he now seeks are "critical" to his "defense in this action," presumably referring to an alleged affirmative defense of "superseding cause." Dembro alleged his "superseding cause" defense in September 2022. (ECF No. 46 at 55 ¶ 4.) But the first time he attempted to seek any medical information concerning Defendant Plaut appears to have been late August 2023.

Dembro has not explained why he sat idly for nearly a year before seeking discovery on this "critical" issue—and this information in fact is not "critical." There is no legal basis for Dembro's "superseding cause" defense. Dembro is charged with aiding and abetting fraud. (ECF No. 54 at 118–30.) Causation is a tort law concept and has no applicability to fraud claims brought by federal regulators. *See SEC v. Apuzzo*, 689 F.3d 204, 213 (2d Cir. 2012) (rejecting argument that causation is an element of SEC aiding and abetting liability because "almost by definition, the activities of an aider and abettor are rarely the direct cause of the injury brought about by the fraud").

In addition, there is no factual basis for Dembro's "superseding cause" defense. In an interrogatory answer, Dembro stated that his "superseding cause" defense is based on Defendant Plaut's purported health issues. But during his deposition, Dembro testified that he interacted with Plaut every day and there was never a time when Plaut's purported health issues impacted Plaut's ability to make decisions on behalf of the company or otherwise function as the WWM/TAB forex scam's CEO:

> Q. I'd like to return to your interactions with Mr. Plaut. Approximately how many times did you speak with Mr. Plaut during a normal workweek at WorldWideMarkets?
>
> A. I'd talk to him every day.

> Q. In your experience with Mr. Plaut, based on your knowledge, did there ever come a time where there were decisions for the company that he was not available to make?
>
> A. No. He always made the decisions.

Sept. 27, 2023 Dembro Dep. Tr. 80:15–81:3.

Ignoring this Court's earlier directive, Dembro has not proposed a sufficiently narrow or tailored subpoena for the Court to review, instead simply requesting a successive 45-day extension of the discovery deadline. Based on his track record of delay, there is no reason to conclude Dembro will obtain any relevant documents from his contemplated fishing expedition, much less some vague and undefined category of medical records he deems "critical" to his defense, within the requested extension.

**Expert discovery schedule**

*Dembro's position*

Lastly, the parties have met and conferred regarding expert discovery. CFTC proposes an aggressive expert discovery schedule. Defendant Dembro proposes the following expert discovery schedule which is equally aggressive on all of the interim deadlines, but simply moves the production of the initial expert reports back by 30 days:

| Event | Date |
| --- | --- |
| Deadline to exchange of expert discovery disclosures pursuant to Rule 26(a)(2) | January 15, 2023 |
| Deadline for expert depositions | March 1, 2024 |
| Deadline for any rebuttal expert disclosures | April 1, 2024 |
| Deadline for depositions of any rebuttal experts | April 16, 2024 |

*CFTC's position*

The CFTC proposes the following expert discovery schedule, which will allow the parties to move to summary judgment on a reasonable timeline, given that this case was filed in 2021:

| Event | Date |
| --- | --- |
| Deadline to exchange of expert discovery disclosures pursuant to Rule 26(a)(2) | December 15, 2023 |
| Deadline for expert depositions | February 1, 2024 |
| Deadline for any rebuttal expert disclosures | February 29, 2024 |

November 23, 2023
Page 5

| Deadline for depositions of any rebuttal experts | March 15, 2024 |

We thank the Court for its consideration and remain available to answer any questions it may have.

Respectfully submitted,

/s/ *Guillermo C. Artiles*
Guillermo C. Artiles


cc:     All Counsel of Record (via ECF)
        Defendant Thomas Plaut (via email to tplaut1@gmail.com)