<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWIDEMARKETS, LTD et al.,<br><br>Defendants. | No. 21cv20715 (EP) (LDW)<br><br>**ORDER** |

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or the "Commission") brings this action seeking civil penalties and equitable relief for alleged violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 *et seq.*, and its implementing regulations. D.E. 54 ("Amended Complaint" or "Am. Compl."). The gravamen of the Commission's allegations is that Defendants WorldWideMarkets, Ltd. ("WWM"), TAB Networks, Inc. ("TAB"), Thomas Plaut ("Plaut"), and Arthur Dembro ("Dembro") engaged in a ponzi-like scheme to defraud thousands of WWM's retail foreign exchange ("forex") customers by misappropriating over $4 million in WWM customer funds and falsely misrepresenting to WWM customers that their funds would be held in segregated accounts. *See generally id.*

The Commission moves for summary judgment against all Defendants on Counts I and II of the Amended Complaint, D.E. 138 ("Summary Judgment Motion" or "SJ Mot."), and for default judgment against WWM, TAB, and Plaut on the remaining Counts III, IV, and V, D.E. 136 ("Default Judgment Motion" or "DJ Mot."). WWM, TAB, and Plaut do not oppose either motion. Dembro opposes the Summary Judgment Motion and cross-moves for summary judgment. D.E. 140-2 ("Cross Motion for Summary Judgment" or "Cross SJ Mot.").

The motions are not ripe for decision. As a preliminary matter, the Court must refrain from deciding the Default Judgment Motion until the Summary Judgment Motion and Cross Motion for Summary Judgment are decided. A district court should not enter default judgment on any claim that could create the "possibility of an inconsistent ruling with respect to another [non-defaulting] defendant." *Colony Nat'l Ins. Co. v. Control Building Servs., Inc.*, No. 14-cv-5651, 2015 WL 7296034, at *4 (D.N.J. Nov. 18, 2015). In Dembro's Cross Motion for Summary Judgment, he argues, *inter alia*, that the facts show that the CEA does not apply to WWM and TAB and that 28 U.S.C. § 2462 bars claims based on events before December 27, 2016 for civil penalties, disgorgement, and restitution. Cross SJ Mot. at 8-11, 13-21. The Commission disagrees. SJ Mot. at 8-11; D.E. 144 ("SJ Opp'n and Reply") at 24-40. These issues are likely relevant to WWM's, TAB's, and Plaut's liability on Counts III, IV, and V. Therefore, default judgment on Counts III, IV, and V should not be entered until the summary judgment motions on Counts I and II are decided.

The Court is also unable to decide the summary judgment motions at this time. The Court has spent significant time and resources attempting to address the motions. However, Dembro has submitted an improper responsive statement of material facts and supplemental statement of disputed material facts under Local Rule 56.1 that make it virtually impossible to resolve the Summary Judgment Motion. D.E. 140-1 ("Dembro Facts"). The purpose of Rule 56.1 is to "significantly narrow[] the facts in dispute." *Burga v. City of Plainfield*, Civ. No. 17-1655, 2020 WL 2513507, at *1 n.2 (D.N.J. May 15, 2020). "The purpose behind [the Rule 56.1] statement is to clarify the issues for the Court, not to increase the burden before it." *Depalma v. Scotts Co.*, Civ. No. 13-7740, 2019 WL 2417706, at *1 n.2 (D.N.J. June 10, 2019). The Dembro Facts subvert this purpose in several ways.

*First*, the Dembro Facts frequently quibble with the context surrounding an asserted fact rather than address the fact head on.  For example, in response to the assertion that "WWM's primary line of business involved offering to be and acting as a counterparty to leveraged retail forex transactions," Dembro denies this fact as "incomplete" by pointing out that WWIM's customers were foreign citizens, WWM relied on its network of introducing brokers for direct dealings with customers, and that Dembro only speaks English and therefore did not interact with foreign customers.  Dembro Facts ¶ 8.  This is an improper response.  Either Dembro agrees that WWM's primary line of business involved offering to be and acting as a counterparty to leveraged retail forex transactions or he disagrees.  If he disagrees, he must cite record evidence that shows why this statement of fact is incorrect.  It is improper to "add additional facts" that skirt around "contest[ing] the asserted proposition, or assert arguments . . . not facts." *Barker v. Our Lady of Mount Carmel School*, Civ. No. 12-4308, 2016 WL 4571388, at *1 n.1 (D.N.J. Sept. 1, 2016).

*Second*, the Dembro Facts, both in the responses to the Commission's statement of facts and in the supplemental facts, include improper legal argumentation.  For example, in response to an allegation that "TAB accepted forex orders by marking the order from a 'pending order to a filled status,' at which time the system created a timestamp reflecting the time of execution," Dembro denied the allegation by stating that "[a]ll WWM customers were outside the U.S., and only non-U.S Customers could become [a] WWM customer" and arguing that WWM's activities were predominantly foreign within the meaning of Second Circuit case law.  Dembro Facts ¶ 51.  This example is non-responsive and contains improper legal argument.  It is "very difficult for the Court to discern the undisputed material facts in this case" where Rule 56.1 statements include "abundant conclusions and arguments, frequently blurring the line between fact and opinion."

3

*Sarmiento v. Montclair State Univ.*, 513 F. Supp. 2d 72, 76 n.2 (D.N.J. 2007), *aff'd*, 285 F. App'x 905 (3d Cir. 2008), *cert. denied*, 555 U.S. 1144 (2009).

*Third*, Dembro makes voluminous objections to evidence put forward by the Commission in support of its factual assertions alleging that the evidence is inadmissible under various Federal Rules of Evidence, including Rules 106, 401-403, 602, 701-705, 801-803, 901. Dembro Facts, *passim*. As "summary judgment is generally subject to the rules of evidence," *Chambers v. York Cnty. Prison*, No. 18-cv-2386, 2021 WL 1212532, at *1 n.2 (M.D. Pa. Mar. 31, 2021), the Court is unable to decide the summary judgment motions without first resolving such objections. It is apparent that the parties have not adequately attempted to resolve these evidentiary disputes before bringing them to the Court. By raising these objections for the first time in his responsive statement of material facts without attempting to resolve them in advance, Dembro improperly subverts the purpose of Rule 56.1 by increasing the Court's burden rather than narrowing the issues to be decided. *See Bell v. Lockheed Martin Corp.*, Civ. No. 08-6292, 2014 WL 2920503, at *1 n.3 (D.N.J. June 27, 2014).

Rather than simply disregarding Dembro's improper Rule 56.1 statements, *see id.*, the Court will provide the parties an opportunity to first meet and confer regarding the factual and evidentiary issues. Failure to narrow these issues and further comply with this Order may result in improper factual assertions or denials to be disregarded or deemed admitted without further opportunity to correct them, or other appropriate sanctions.

For the foregoing reasons, **IT IS**, on this 15th day of August, 2024,

**ORDERED** that the Default Judgment Motion, D.E. 136, and Summary Judgment Motion, D.E. 138, and Cross Motion for Summary Judgment, D.E. 140, are **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that the parties shall meet and confer in an attempt to resolve all evidentiary objections to evidence the parties feel is necessary for their summary judgment motions; and it is further

**ORDERED** that in the event the parties cannot resolve all such evidentiary objections by September 16, 2024, the parties shall contact Magistrate Judge Wettre's chambers for assistance with resolving any remaining disputes; and it is further

**ORDERED** that the parties shall submit a status update to the Court by September 30, 2024, addressing whether any evidentiary disputes remain for summary judgment purposes and whether additional time is needed to resolve such disputes; and it is further

**ORDERED** that if any summary judgment evidentiary objections remain after the parties have met and conferred and exhausted their efforts to resolve their disputes with Judge Wettre's assistance, the parties shall submit a joint list of exhibits subject to an evidentiary dispute that clearly lists the objection to each exhibit, the basis for such objection, and the response to the objection; and it is further

**ORDERED** that within 14 days of the resolution of all summary judgment evidentiary disputes, the parties shall re-file their respective summary judgment motions, and the Commission shall re-file its Default Judgment Motion; and it is further

**ORDERED** that, to the extent possible, along with the summary judgment motions, the parties shall file a single joint statement of disputed and undisputed facts; and it is further

**ORDERED** that, if a single joint statement of disputed and undisputed facts is impossible to agree upon, the parties shall file the statements contemplated by Local Rule 56.1; and it is further

**ORDERED** that responsive statements of fact shall be limited only to whether the fact is disputed and a citation to record evidence that supports the dispute—additional facts, arguments, legal analysis, and conclusions of law are not permitted in responsive statements; and it is further

**ORDERED** that affirmative statements of material undisputed facts shall be limited only to facts believed to not be in dispute and shall not include argumentation, legal analysis, or conclusions of law; and it is finally

**ORDERED** that failure to submit proper Local Rule 56.1 statements may result in the Court disregarding the statement or deeming facts to be admitted without further opportunity to correct the statements, or other appropriate sanctions.

_____
Evelyn Padin, U.S.D.J.

6