NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWIDEMARKETS, LTD et al.,<br><br>Defendants. | No. 21cv20715 (EP) (LDW)<br><br>**MEMORANDUM ORDER** |

**Padin, District Judge.**

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or the "Commission") brings this action seeking civil penalties and equitable relief for alleged violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1 *et seq.*, and its implementing regulations. D.E. 54 ("Amended Complaint" or "Am. Compl."). The gravamen of the Commission's allegations is that Defendants WorldWideMarkets, Ltd. ("WWM"), TAB Networks, Inc. ("TAB"), Thomas Plaut ("Plaut"), and Arthur Dembro ("Dembro") engaged in a ponzi-like scheme to defraud thousands of WWM's retail foreign exchange ("forex") customers by misappropriating over $4 million in WWM customer funds and falsely misrepresenting to WWM customers that their funds would be held in segregated accounts. *See generally id.*

The Commission moved for summary judgment against all Defendants on Counts I and II of the Amended Complaint, D.E. 138 ("Summary Judgment Motion"), and for default judgment against WWM, TAB, and Plaut on the remaining Counts III, IV, and V, D.E. 136 ("Default Judgment Motion"). WWM, TAB, and Plaut did not oppose either motion. Dembro opposed the Summary Judgment Motion and cross-moved for summary judgment. D.E. 140-2 ("Cross Motion

for Summary Judgment") (together with the Summary Judgment Motion, the "Summary Judgment Motions").

The Court determined that it was unable to decide the Summary Judgment Motions due to Dembro's improper responsive statement of material facts and supplemental statement of disputed material facts pursuant to Local Rule 56.1. D.E. 147 ("Order") at 2 (citing D.E. 140-1 ("Dembro Facts"). The Court found that the Dembro Facts (1) improperly quibble with the context surrounding an asserted fact rather than clearly admit or dispute the fact; (2) contain improper legal argumentation that should be reserved for briefs; and (3) contain voluminous evidentiary objections evidencing that his counsel had not adequately met and conferred with their adversary in an attempt to resolve these disputes before bringing them to the court and thus improperly subverting the purpose of Rule 56.1 by increasing the Court's burden rather than narrowing the issues to be decided. *Id.* at 3-4. The Court also determined that it could not decide the Default Judgment Motion until it had decided the Summary Judgment Motions. *Id.* at 2. As a result, the Court administratively terminated the Summary Judgment Motions and Default Judgment Motion and provided instructions on how the parties may proceed to summary judgment and default judgment. *Id.* at 4-6.

Pursuant to the Order, the parties met and conferred and, after a number of conferences with Hon. Leda Dunn Wettre, United States Magistrate Judge, resolved a number of Dembro's evidentiary objections. *See* D.E.s 148-56, 160-64. However, two categorical objections remain: (1) objections based on relevance/statute of limitations, and (2) objections based on Federal Rule of Evidence 1002. Per the Court's instruction, the parties submitted short letter briefs on the remaining evidentiary objections, D.E.s 165 ("Dembro Ltr."), 166 ("Commission Ltr."), as well as a chart detailing the parties current position on each evidentiary objection contained in the

Dembro Facts, D.E. 167 ("Chart"). The Court is now called upon to rule on Dembro's remaining evidentiary objections so that the parties may proceed to summary judgment in a workable manner. The Court makes its ruling without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). The Court will **OVERRULE** Dembro's objections.

I.     ANALYSIS

   A.     **The Court Will Not Find That Dembro Waived His Evidentiary Objections**

The Commission argues that the Court should find that Dembro waived his evidentiary objections because he did not sufficiently develop them in his summary judgment papers. Commission Ltr. at 2. The Court disagrees. The Court would have been well within its right to disregard Dembro's evidentiary objections raised only in the Dembro Facts and not in his briefs. *See Starland v. Fusari*, No. 10-4930, 2013 WL 12149123, at *1 n.1 (D.N.J. Nov. 15, 2013) ("[T]he Court will disregard legal arguments and conclusions of law contained within the Rule 56.1 statements and responses, including evidentiary objections to the Court's consideration of certain facts, as such objections should have been raised in the briefs."). However, within the Court's inherent discretion to manage its docket, and in the interest of justice, the Court administratively terminated the Summary Judgment Motions in an effort to facilitate a meet and confer process (that should have occurred before motions were submitted to the Court) to reduce the voluminous number of evidentiary objections and to secure compliance with Rule 56.1 in the subsequent summary judgment briefing. *See generally* Order.

There are no summary judgment motions currently pending—this is the parties' opportunity to address evidentiary issues before re-filing their motions for summary judgment. Therefore, the Commission's cases finding waiver are inapposite and there is no waiver here. However, the Court stresses that the forthcoming re-filed summary judgment motions are not an invitation for Dembro to raise additional objections that could have been addressed here. Should

3

the Commission seek to rely on new evidence not previously disclosed in its Summary Judgment Motion, Dembro is of course free to make non-frivolous legal argumentation in his brief on why the Court should not consider such evidence. However, Dembro may not re-argue evidentiary objections decided here or raise new evidentiary objections that he should have raised here to subvert this Court's orderly process for addressing his numerous evidentiary objections at the summary judgment stage.

B.    **Dembro's Relevance Objections Will Be Overruled**

The Commission seeks to introduce evidence from before Dembro's view of the limitations in order to show the "mechanics of the WWM forex scam, Defendants' scienter, and their extraordinary efforts to conceal the scam both before and after the April 2017 implosion" and as "background and context for the scam." Commission Ltr. at 2. Dembro objects on relevance grounds under the theory that the evidence is too temporally remote to the conduct within the limitations period, which Dembro argues is limited to the period after December 27, 2016. Dembro Ltr. at 1; Cross Motion for Summary Judgment at 13-20. The Court need not decide the statute of limitations issue here – argument on what claims are barred by the statute of limitations should be left for summary judgment. Even assuming *arguendo* that Dembro's view of the statute of limitations is correct, the evidence he objects to is relevant.

To state the obvious at the outset, "[o]f course, evidence of conduct and acts that predate [the limitations period] may still be admissible at trial to prove the existence of the scheme, its background, and the knowledge and intent of the [d]efendants." *SEC v. Straub*, No. 11-9645, 2016 WL 5793398, at *20 n.7 (S.D.N.Y. Sept. 30, 2016); *see Univac Dental Co. v. Dentsply Intern, Inc.*, 268 F.R.D. 190, 199 (M.D. Pa. 2010) (finding that the limitations period "has no bearing on the admissibility of evidence"); *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001) ("A statute of limitations does not operate to bar the introduction of evidence that predates the

4

commencement of the limitations period but that is relevant to events during that period."). Apparently recognizing this, Dembro attempts to turn a statute of limitations defense into a vast relevance objection to essentially all evidence pertaining to the time period before December 2016. Dembro Ltr. at 1-2.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This test is very broad. Even were the evidence at issue properly characterized as evidence of another "crime, wrong, or act" under Rule 404(b)(1) (and Dembro does not argue that it is)[1], "background" or "completes the story" evidence is relevant admissible evidence. *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). And of course, where scienter is at issue, as it is here, even temporally remote evidence of scienter is admissible. *See Straub*, 2016 WL 5793398, at *20 n.7.

Dembro argues that because such evidence here goes "as far back as 2010," that temporal attenuation renders the evidence irrelevant. Dembro Ltr. at 1. The Court disagrees. The very cases cited by Dembro confirm the relevance of such evidence. For example, in *United States v. Adams*, 722 F.3d 788, 811-13 (6th Cir. 2013), the Sixth Circuit upheld the admission of evidence from the 1980s when the charged conspiracy occurred in the 2000s. The court noted that while the temporal proximity of the evidence alone was insufficient to make it admissible, due to the connection between the earlier evidence and the charged conspiracy, such evidence "complete[d] the story of the charged conspiracy." *Id.* In *Fitzgerald*, the Second Circuit commented that if there

---

[1] Dembro cites a number of cases that address admissibility of Rule 404(b) evidence, a number of which involve evidence that occurred after the charged offense, but he does not argue that any evidence should be excluded under Rule 404(b). *See, e.g.*, *United States v. Latney*, 108 F.3d 1446, 1449 (D.C. Cir. 1997); *United States v. Betts*, 16 F.3d 748, 757 (7th Cir. 1994). Therefore, these cases do not bear directly on Dembro's relevance argument.

was a "significant hiatus" between the end of sexual harassment in an earlier time period and new sexual harassment in a later time period, the relevance of evidence from that earlier timeframe would be questionable. 251 F.3d at 365. In *Fitzgerald*, there was only a two-and-a-half year gap between the relevant time periods, and the Court affirmed the introduction of evidence from the earlier time frame, commenting that it did "not mean to suggest that evidence of Gerling's sexual advances . . . in Phase I would not be relevant or admissible to show Gerling's motivation for his constant harassment of Fitzgerald in Phase II." *Id.* Here, the Commission alleges *no gap* that could disrupt the applicability of earlier evidence that bears on later conduct. The Commission alleges the fraud was ongoing from approximately March 2012 through September 2018. Am. Compl. ¶¶ 1-3. Therefore, the background, motivation, and knowledge of the early stages of the alleged fraud are highly relevant.

*United States v. Kelley*, 551 F.3d 171 (2d Cir. 2009) provides further guidance. The district court admitted into evidence "bogus account statements" that were created and disseminated two to four years after the charged securities and wire fraud. *See id.* at 175. The defendant argued that the account statements should not have been admitted because, due to the temporal gap between the statements and the charged conduct, they could not be considered part of the charged fraud. *See id.* However, the Second Circuit wrote that the defendant's argument "misse[d] the point and disregard[ed] the purpose for which the bogus account statements were offered into evidence." *Id.* The court found that the statements were relevant because the charged conduct stemmed from the defendant's "larger schemes" and that "[r]eferences to the bogus statements were admitted as evidence because they tended to demonstrate [the defendant's] intent to defraud his clients and the scope of the schemes he employed." *Id.*

6

Here, the relevant connection between the challenged evidence and the charged fraud is clear. The Court has reviewed all challenged evidence contained in Paragraphs 5, 12-15, 18, 45, 71-72, 77, 84-85, 89, 91, 93, 95, 96-97, 103-104, 108, 110-113, 118-122, 124-128, 131-133, and 141 of the Commission's Rule 56.1 statement of undisputed material facts, D.E. 138-1 (together with D.E. 144-2 the "Commission Facts"), and determines that, despite the evidence being from before Dembro's view of the limitations period, it is all sufficiently connected to the charged scheme to satisfy the relevance test in Rule 401. The Court finds that all such evidence goes to the mechanics of the alleged scheme, Defendants' scienter, or relevant background and context for the scam.

For example, Dembro objects to a May 2011 Stock Purchase Agreement that the Commission uses to establish the mere fact that TAB Networks, Inc. ("TAB") was owned by Thomas Plaut. Chart at 1; Summary Judgment Motion at 3 n.4 (citing Commission Facts ¶ 5). This evidence is relevant because it helps to explain the relationship between the relevant parties and their individual roles in the alleged scheme As a second example, Dembro objects to emails from January 2012 and testimony relating to that time period that the Commission uses to establish that WorldWideMarkets Ltd.'s ("WWM") business model was not "economically viable." Chart at 1-2; Summary Judgment Motion at 3 (citing Commission Facts ¶¶ 13, 18). This evidence is relevant because it goes to the reason or motive for the alleged scheme.

As a third example, Demrbo objects to emails from October and November 2011 discussing the segregation of customer funds, Dembro's testimony regarding the same, and Dembro's testimony regarding when customer funds were no longer segregated in 2012. Chart at 3-4; Summary Judgment Motion at 27-29 (citing Commission Facts ¶¶ 89, 91, 93, 95, 97, 121, 131, 132, 133). The Commission uses this evidence to show that Dembro knew that customer

7

funds were initially segregated but that, once the alleged scheme began in March 2012, Dembro was aware that customer funds were no longer being segregated despite WWM representing the contrary to customers. *See* Summary Judgment Motion at 27-29. Even though the limitations period may only cover a later time, the Commission has alleged a continuous fraud and Dembro's knowledge of the alleged scheme and its origins is highly relevant.

Therefore, because all of the evidence challenged by Dembro under Rules 401 and 402 is relevant, the Court will **OVERRULE** Dembro's relevance objections.

C.    **Best Evidence Rule**

Dembro next objects to a declaration of Joseph Patrick, a Commission investigator, on the bases of Rule 1002, the "Best Evidence Rule." Dembro Ltr. at 2 (citing D.E. 144-3, Tab KKKK (the "Patrick Declaration"). The Court agrees with the Commission that the Patrick Declaration is admissible.

The Patrick Declaration describes Patrick's search of Commission records for purposes of determining whether the Commission had information suggesting a fraud or regulatory violations by WWM before November 2017.[2] *See generally* Patrick Declaration. Patrick stated that a search of the Commission's records from January 1, 2011 to October 31, 2017 resulted in 1,929 hits which were manually reviewed at Patrick's direction. *Id.* ¶¶ 5-7. According to Patrick, none of the 1,929 documents contained information suggesting potential fraud or regulatory violations by WWM. *Id.* ¶ 7.

---

[2] These facts are relevant to Dembro's argument that the statute of limitations should not be tolled.

Dembro appears to argue that the Best Evidence Rule bars admission of the Patrick Declaration because those records themselves are required to show that they do not contain any evidence of fraud or regulatory violations by WWM. Dembro Ltr. at 2-3.[3] The Court disagrees.

Rule 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provide otherwise." However, the Advisory Committee Notes to Rule 1002 explain that the Rule does *not* apply to "testimony that books or records have been examined and found not to contain any reference to a designated matter." This is so because the term "content" denotes "only what an item contains, not what it omits." Wright & Miller, 31 Fed. Prac. & Proc. Evid. § 7184; *see also United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1035 (9th Cir. 2011) ("The best evidence rule applies when the contents of a writing are sought to be proved, not when records are searched 'and found not to contain any reference to the designated matter.'") (quoting Fed. R. Evid. 1002 Advisory Committee's Note).

Here, because the Patrick Declaration is used as secondary evidence to prove what is *not* contained in a writing, *i.e.* that records were searched and found not to contain relevant material, it does not implicate the Best Evidence Rule and the Court will **OVERRULE** Dembro's Rule 1002 objections.

---

[3] Dembro also argues that certain documents the Commission located in its files that hit on certain keywords must be produced. Dembro Ltr. at 2-3. However, discovery is closed and to the extent Dembro seeks to reopen discovery, he must so-move before Magistrate Judge Wettre and demonstrate why such relief is appropriate at this late stage of the case in light of the Court's ruling here and the prejudice to the Commission due to the delay and Dembro's decision to not move to compel production of such documents while discovery was still open. *See* Dembro Ltr. at 2-3.

## II. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **10th** day of **January** 2025,

**ORDERED** that Dembro's Rule 401 and 402 objections to evidence contained in Paragraphs 5, 12-15, 18, 45, 71-72, 77, 84-85, 89, 91, 93, 95, 96-97, 103-104, 108, 110-113, 118-122, 124-128, 131-133, and 141 of the Commission Facts are **OVERRULED**; and it is further

**ORDERED** that Dembro's Rule 1002 objections to evidence contained in Paragraphs 205-206 of the Commission Facts are **OVERRULED**; and it is further

**ORDERED** that the Commission shall re-serve but not file its motion for summary judgment against Dembro on or before **January 24, 2025**; and it is further

**ORDERED** that Dembro shall re-serve but not file his cross-motion for summary judgment and opposition to the Commission's motion on or before **February 7, 2025**; and it is further

**ORDERED** that the Commission shall re-serve but not file its opposition to Dembro's cross-motion and a reply in further support of its summary judgment motion on or before **February 21, 2025**; and it is further

**ORDERED** that Dembro shall re-serve but not file a reply in further support of his cross-motion for summary judgment on or before **February 28, 2025**; and it is further

**ORDERED** that the parties shall re-file their respective summary judgment motions, in separate docket entries on **March 3, 2025**; and it is further

**ORDERED** that the Commission shall re-file its motion for default judgment against Defendants WorldWideMarkets, Ltd., TAB Networks, Inc., and Thomas Plaut on **March 3, 2025**; and it is further

**ORDERED** that, to the extent possible, along with the summary judgment motions, the parties shall file a single joint statement of disputed and undisputed facts; and it is further

**ORDERED** that, if a single joint statement of disputed and undisputed facts is impossible to agree upon, the parties shall file the statements contemplated by Local Rule 56.1; and it is further

**ORDERED** that responsive statements of fact shall be limited only to whether the fact is disputed and a citation to record evidence that supports the dispute—additional facts, arguments, objections, legal analysis, and conclusions of law are not permitted in responsive statements; and it is further

**ORDERED** that affirmative statements of material undisputed facts shall be limited only to facts believed to not be in dispute and shall not include arguments, objections, legal analysis, or conclusions of law; and it is finally

**ORDERED** that failure to submit proper Local Rule 56.1 statements may result in the Court disregarding the statement or deeming facts to be admitted without further opportunity to correct the statements, or other appropriate sanctions.

*[signature]*
Evelyn Padin, U.S.D.J.